IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Siobhan Reaves, Jasmine Patrice, Tiesha Evans, Kathy Reaves,  )<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>S.C. State Board of Education, Molly Mitchell Spearman, Ellen Weaver, R. Hayne Hodges, Bettis Law Group,  )<br>)<br>)<br>)<br>)<br>Defendants.  ) | Case No.: 3:24-5143-JD-TER<br><br><br>**ORDER AND OPINION** |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Thomas E. Rogers, III (DE 21), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning the Magistrate Judge's review of Siobhan Reaves ("Siobhan"), Jasmine Patrice ("Jasmine"), Tiesha Evans ("Tiesha"), Kathy Reaves's ("Kathy") (collectively "Plaintiffs") pleadings.[1]

---

[1]    The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. Nevertheless, the Court provides the following factual allegations from Plaintiffs' complaint.

Plaintiffs allege "[t]his is a civil rights action in which plaintiff Kathy seeks relief for violation of her rights secured by 42 USC section 1983, 1988 and the Fourteenth Amendments to the United States against the arresting officer and Larry McNeil." (DE 1, ¶ 1.) Plaintiffs also allege, among other things, that

> 1. In a recent ruling under the Southern District of Georgia Judge C. J. Hall, *Reaves v. Hucko, et. al.* CV 123-148, it was identified that the arrest warrant used in R. Hayne Hodges, Ill attached email filed in the SC State court of where Hodges, III employed by the Bettis Law Group represented SC State Board of Education, was quoted as 'invalid, non enforceable and fraudulent.'
>
> 2. In a recent ruling under the Southern District of Georgia, Reaves v. Hucko, et. al. CV 123-148, judge C. J. Hall ruled that the Court determined that the arrest warrant in R. Hayne Hodges, III email to state judge DeAndrea Benjamin was issued under the Georgia General Assembly's local legislation under 1974 Ga Laws 2410 at. 2417 section 12. The Georgia Legislature revised section 2 of 1974 Ga Laws 2410 and 1984 Ga Laws 4467 at 4471, section 2(b). Nothing in 1984 Ga laws 4467, however, strikes section 12 of 1974 Ga Laws 2410. *(Reaves v. Hucko, et. al.* CV 123-148). In other words, this is county warrant issued under the City of Augusta - Richmond County local ordinance valid only in the jurisdiction of Richmond County and for such cause, Hodges, III lacked jurisdiction to file such warrant against Kathy in SC state court and SC State Board lacked jurisdiction and authority to use such county warrant against Kathy to block her SC teacher certification and to block her teacher contract with Jasper County Board of Education who, conducted their own criminal background check on Kathy using a company in the jurisdiction of the Western District of North Carolina - Charlotte, North Carolina. This Columbia Division and Florence Division lacks constitutional authority and jurisdiction over the Jasper County School District and Board of Education and lacks authority and jurisdiction over the first criminal background check run against Kathy by Jasper County School Board and School District. Wooten didn't know

about that background check during his engaging in improper ex parte communications with parties or counsel for one side in a case - here SLED and SLED attorney Jerome Scott Kozacki.

3. SC State Board of Education through an email from Katy Crews dated August 2021 and another email from Cathy Hazelwood, employees of SC State Board of Education that the felony warrant identified by Judge C. J. Hall was used to block Kathy's SC teacher certification and to block employment with South Carolina Public Schools for the 2021 - 2022 school year and the 2022 - 2023 school year.

4. South Carolina has 1,167 public schools in 79 school districts. SC State Board blocked Kathy's employment to all these schools without authority and jurisdiction to act using such fake felony warrant that was not attached to Kathy's criminal background from the GBI/FBI and for such cause SC State Board, Spearman, Weaver's decision to block Kathy's teacher certification is unconstitutional.

5. Because the plaintiffs were also associated with the county warrant identified in Hodges, III, SC State BOE's emails, and subsequently filed with SC state court under 21CP4004462, plaintiffs were used as the defense by Hodges, III against Kathy in favor of the defendants SC State Board of Education, Weaver and Spearman. Plaintiffs state these defendants cannot separate parties associated with the same fake warrant as a defense against Kathy, and filing of such warrant in state court is a violation of their constitutional right to privacy as well. This county warrant was received illegally by these defendants and should have never been used by the SC State Board of Education against Kathy or any of the other plaintiffs to block SC teacher certification or employment in all the schools named above in the manner upon which they did any.

6. SC State Board was negligent in failing to identify if the felony warrant referenced in the emails in 2021 by Crews and Hazelwood were valid. Hazelwood, being an attorney herself for the SC State Board of Education was grossly negligent in her duties as an attorney and for such other and further cause knew or should have known that a county warrant issued in another state's and county's jurisdiction, cannot be used to block or deny employment in SC. Out of state warrants in SC are under the Governor and must have permission from the Governor. Hazelwood was negligent and unfit for her position.

7. Weaver, and Spearman, after hearing about the constitutional violation of the plaintiffs certification for Kathy using the county warrant that involved all plaintiffs - during the board meeting referenced in Kathy Crew's email dated August 2021.

> 8. Defendants denied the plaintiffs and Kathy a right to a due process hearing at the board meeting in 2021 which is in violation of the Due Process rights secured under the Fourteenth Amendment.
>
> 9. Defendants committed libel, slander and defamation against all defendants because they published the fake felony warrant in emails submitted to SC state courts, they filed the fake felony warrant under 21 CP4004462 a public record document, that is accessible to internet to all who have access worldwide, and they also communicated this information to Jasper County Board of Education Rachel Anderson, the former superintendent that plaintiffs and Kathy had a quote 'felony warrant' in Georgia or quote felony warrant in Richmond County' which is false the warrant is invalid and the defendants lacked authority and jurisdiction to use such felony warrant in the manner upon which they did in 2021 and also as described in a ruling by the federal Courts under the S.D.G.A. as the arrest warrant used to block SC teacher certification without authority and jurisdiction to do so.
>
> 10. For reasons stated above, Weaver and Spearman were acting under the color of state law and duly responsible for executing teacher contracts under the State of South Carolina and Henry McMaster.
>
> 11. At all times hereto relevant plaintiffs were injured.

(DE 1.) Plaintiffs' lawsuit alleges eight causes of action: 1) Malicious Prosecution, 2) Defamation, 3) Wrongful Interference with Contractual Obligations, 4) First Amendment Right to Privacy, 5) Intentional Infliction of Emotional Distress, 6) Gross Negligence, 7) Fourteenth Amendment Due Process, and 8) Violation of the Fair Credit Reporting Act 15 U.S.C Section 1681. (DE 1.) Plaintiffs also seek to remove the Honorable Terry L. Wooten, Senior United States District Judge, asserting bias or prejudice under 28 U.S.C. section 144.[2]

---

[2] 28 U.S.C. section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." Since Judge Wooten is no longer assigned to the case, the matter is moot.

But this Court had ordered the following prefiling injunction against Kathy Reaves in *Kathy Reaves v. Travis Washington et al.*, 4:23-cv-3847:

> Plaintiff must also pay the filing fee in full or obtain counsel to file new actions related to any event regarding the Georgia warrant and the 2021 South Carolina arrest in Marlboro County and its effect on Plaintiff's credit report and employment.
>
> Further, Plaintiff is **ORDERED** to accompany any newly filed Complaint with a 'Motion for Leave to File Pursuant to Court Order,' which should not exceed twenty pages in length and shall be forwarded to the Magistrate Judge for determination as to whether leave to file shall be granted, and Plaintiff's Motion shall be accompanied by: (1) a copy of the district judge's pre-filing injunction Order; (2) a statement from Plaintiff that the claims or relief sought are unrelated to the subject matter prohibited as outlined above; (3) a short and plain statement setting forth a valid basis for the claims or relief sought; and (4) a statement that the claims or relief sought either have or have not been raised before in other litigation, and if the claims/relief have been previously raised, then Plaintiff must provide the name of the case, the court where it was filed, the case number, and the disposition of the claims. Failure to comply with any of these requirements will be grounds for the Court to deny a 'Motion for Leave to File Pursuant to Court Order' submitted by Plaintiff.

According to the Report, "Plaintiff's Complaint and 'Motion for Leave to File' shows it is 'related to any event regarding the Georgia warrant and the 2021 South Carolina arrest' and its effect; therefore, this action falls within the pre-filing injunction order's parameters and its requirements." (DE 21 at 4.)

### B. Report and Recommendation

On October 10, 2024, the Magistrate Judge issued the Report recommending Plaintiff's Complaint be dismissed. (DE 21.) The Report found that Plaintiffs Siobhan, Tiesha, and Jasmine lack standing to pursue this action because the only allegations about them are that they are "associated" with a warrant or a police report that

eventually was used to arrest Kathy in 2021. (DE 21 at 3.) As to Kathy, the Report found that,

> Plaintiff has failed to provide the information required in the 2023 pre-filing injunction order. Plaintiff did not pay the filing fee or obtain counsel. The Motion was not accompanied by the prior pre-filing injunction as required by part (1). (ECF No. 18). Plaintiff did not provide a statement that the claims or relief sought are unrelated to the prohibited subject matter as required by part (2). Plaintiff did not provide compliance with part (4), as Plaintiff did not provide a statement that the claims or relief sought have not been raised before in other litigation or if were raised in other actions, a list of the details of those actions. It appears the majority of the Motion is focused on Plaintiff Kathy's dissatisfaction with rulings of Judge Wooten in other cases regarding the 2021 arrest and effects. (ECF No. 18).

(DE 21 at 5.) Plaintiffs have not objected to the Report.

### C. Legal Standard

In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

### D. Conclusion

Since Plaintiffs have not objected, after a thorough review of the Report and Recommendation and the record in this case, the Court finds no clear error on the face of the record. Thus, the Court adopts the Report (DE 21) and incorporates it here by reference.

It is, therefore, ORDERED that Plaintiff Kathy is denied leave to file this action in this court, this action is dismissed, and any pending motions regarding installments as to Kathy are rendered moot.

**IT IS SO ORDERED.**

January 23, 2025
Florence, South Carolina

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within the time period set forth under Rules 3 and 4 of the Federal Rules of Appellate Procedure.